# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ANTHONY Z. ALDERETE,
               Appellant,

      v.

DEPARTMENT OF DEFENSE,
               Agency.

DOCKET NUMBER
SF-315H-14-0126-I-1

DATE: August 5, 2014

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Anthony Z. Alderete</u>, Ewa Beach, Hawaii, pro se.

<u>Sally R. Bacon</u>, Esquire, Fort Lee, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed the appeal of his probationary termination for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        Effective March 10, 2013, the agency appointed the appellant to the WG-04 position of Store Worker in the competitive service.  Initial Appeal File (IAF), Tab 6, Subtab 4j.  The career-conditional appointment was subject to the completion of a 1-year initial probationary period.  *Id.*  On November 22, 2013, prior to the completion of the 1-year period, the agency terminated the appellant from his position for post-appointment reasons.  IAF, Subtabs 4a, 4b.

¶3        The appellant filed a timely appeal challenging his termination.  IAF, Tab 1. The administrative judge issued an acknowledgment order that apprised the appellant of his burden of establishing the Board's jurisdiction over his appeal, including notice of the regulatory right to appeal available to probationers and the requirements for meeting the definition of an "employee" for purposes of 5 U.S.C. chapter 75 appeal rights.  IAF, Tab 2.  In response to the acknowledgment order, the appellant appeared to argue the merits of his termination and claimed that he had completed 5 and a half years of service at the Department of Homeland Security (DHS).  IAF, Tab 3 at 3.  The administrative

judge issued two orders reopening the record to provide the appellant with an opportunity to submit evidence and argument regarding his prior service with DHS; however, the appellant did not respond to either order. IAF, Tabs 7, 9. In an initial decision issued without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 10, Initial Decision (ID) at 1, 4. The administrative judge found that the appellant failed to prove that he was an "employee" within the meaning of 5 U.S.C. § 7511(a)(1)(A). ID at 4. The administrative judge additionally found that the appellant did not allege that his termination was based on marital status discrimination or partisan political reasons. ID at 4. Accordingly, the administrative judge found that the appellant failed to make a nonfrivolous allegation of jurisdiction. ID at 4.

¶4     The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has not responded to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5     To establish Board jurisdiction under 5 U.S.C. chapter 75, an individual must, among other things, show that he satisfies one of the definitions of "employee" in 5 U.S.C. § 7511(a)(1). 5 U.S.C. § 7513(d); *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 5 (2013). For an individual in the competitive service, like the appellant, this means that he must either: (1) not be serving a probationary or trial period under an initial appointment; or (2) have completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. 5 U.S.C. § 7511(a)(1)(A); *Walker*, 119 M.S.P.R. 391, ¶ 5.

¶6     An appellant who has not served a full year under his appointment can show that he has completed the probationary period, and so is no longer a probationer, by tacking on prior service if: (1) the prior service was rendered immediately preceding the probationary appointment; (2) it was performed in the same agency;

(3) it was performed in the same line of work; and (4) it was completed with no more than one break in service of less than 30 days. *Henderson v. Department of the Treasury*, 114 M.S.P.R. 149, ¶ 10 (2010); *see* 5 C.F.R. § 315.802(b). Alternatively, an employee can show that, while he may be a probationer, he is an "employee" with chapter 75 appeal rights because, immediately preceding the adverse action, he had completed at least 1 year of current continuous service without a break in federal civilian employment of a workday. *Henderson*, 114 M.S.P.R. 149, ¶ 10.

¶7          The administrative judge correctly found that the appellant failed to make a nonfrivolous allegation that he meets either definition of "employee" set forth in 5 U.S.C. § 7511(a)(1)(A).  ID at 4.  There is no dispute that the appellant served less than a full year in his Store Worker position when he was terminated during his probationary period.  ID at 2, 4.  The appellant did not make a nonfrivolous allegation that his prior DHS service could be counted toward completion of his probationary period or "1 year of continuous service" under 5 U.S.C. § 7511(a)(1)(A).  ID at 4.  In particular, the appellant failed to provide the dates of employment with DHS or allege that he had no material break in service between DHS and the Department of Defense (DOD), despite being afforded multiple opportunities to address these specific issues.[2]  ID at 4; *see* IAF, Tabs 7, 9.  The appellant reasserts in his petition for review that he has 5 and a half years of prior service with DHS and submits a Standard Form (SF)-50 documenting such service.  PFR File, Tab 1 at 3-4.  His claim of DHS service and SF-50 were already provided in the initial appeal, and thus are not "new" under 5 C.F.R. § 1201.115.  IAF, Tab 3 at 3, Tab 8 at 6; *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).  Further, his argument and evidence on review are not material because they do not specify whether there was any

---

[2] Even if there were no break in service, the appellant's DHS service could not count toward completion of his DOD probationary period because it was not completed with the same agency.  *See* 5 C.F.R. § 315.802(b)(1).

break in service. Thus, the appellant has provided no basis upon which to disturb the administrative judge's finding that he failed to make a nonfrivolous allegation that he is an "employee" with 5 U.S.C. chapter 75 appeal rights.

¶8    Individuals in the competitive service who do not satisfy either definition of "employee" set forth in 5 U.S.C. § 7511(a)(1)(A) may nevertheless have the right to appeal a termination to the Board under 5 C.F.R. § 315.806. *Walker*, 119 M.S.P.R. 391, ¶ 5. However, the Board's jurisdiction over termination appeals under that section is limited to situations in which the employee alleges: (1) he was discriminated against based on his marital status; (2) the agency action was based on partisan political reasons; or (3) the agency action was based (in whole or in part) on pre-appointment reasons and the agency did not follow the procedures of 5 C.F.R. § 315.805. *See id.*; 5 C.F.R. § 315.806(a)-(c).

¶9    On review, the appellant does not challenge the administrative judge's determinations that: (1) he did not allege that his termination was based on partisan political reasons or marital status discrimination; and (2) he did not allege that he was terminated for pre-appointment reasons. ID at 4. Rather, the appellant reiterates the arguments on the merits of his probationary termination. PFR File, Tab 1 at 3. His arguments on the merits are irrelevant to the jurisdictional issues, *see, e.g.*, *Sapla v. Department of the Navy*, 118 M.S.P.R. 551, ¶ 7 (2012), and we discern no reason to disturb the administrative judge's determination that the appeal is not within the Board's jurisdiction.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit

717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:

_____

William D. Spencer
Clerk of the Board

Washington, D.C.